IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SPADICHI, INC., | CASE NO. 1:06 CV 1552 |
| Plaintiff, | |
| v. | JUDGE DONALD C. NUGENT |
| CHESLIN CHEVROLET, LLC. et al., | MEMORANDUM OPINION AND ORDER |
| Defendants. | |

This matter is before the Court on the Plaintiff Spadichi, Inc.'s ("Spadichi") Motion to Remand to State Court and Request for Attorney's Fees and Costs. Plaintiffs contend Defendants' removal of this action from the Cuyahoga County Common Pleas Court to this federal court was not timely, and therefore was not valid under 28 U.S.C. § 1446(b).

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed this action in the Court of Common Pleas of Cuyahoga County on April 4, 2006. The parties agree that service of the complaint on the two corporate defendants in this case – Cheslin Chevrolet, LLC and Cheslin Chevrolet-Oldsmobile, Inc. – was perfected on May 18, 2006. They also agree that at the time of the removal, service had not been made on the

individual defendant, David Cheslin.

Pursuant to 28 U.S.C. § 1446(b), a notice of removal must be filed within 30 days after the defendant receive service of the complaint. See <u>Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344, 354 (1999). Having been served with the Complaint on May 18, 2006, the corporate defendants in this case were out of time when they filed the notice of removal on June 22, 2006. Even accounting for Defendants argument that the thirty day time period for removal should be extended by three days pursuant to Ohio R. Civ. Pro. 6(e), which applies when due dates are calculated based on service dates and when service is obtained by mail, the corporate defendants' notice of removal would have been due on June 20, 2006.

## DISCUSSION

The only issue remaining before the Court, therefore, is whether David Cheslin should be allowed to effectuate a removal of a lawsuit filed against him and two other defendants, when he has not yet been formally served with the complaint, and when he has not waived service.

The federal removal statute states that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief...." 28 U.S.C. § 1446(b). Plaintiff claims that the United States Supreme Court ruling in <u>Murphy Bros., Inc. V. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344 (1999), interpreting this statute, precludes a defendant from removing a case to federal court prior to receiving formal service in the case. That, however, is not the holding of that case. The Court in <u>Murphy Bros.</u> held that a defendant's 30 day time limitation for filing a notice of removal is not triggered by informal notice of the lawsuit, and that a defendant cannot be barred from removing an action prior to being properly

-2-

served with a summons and/or complaint. That ruling does not address whether a defendant should be barred from initiating removal prior to receiving formal service, but rather was meant to protect a defendant from having to respond to a lawsuit when he/she had not yet been formally served. Id. at 350 ("Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." (emphasis added)).

Plaintiff can cite no law addressing the precise question at issue here that supports its position. To the contrary, the handful of cases that have addressed the issue of whether a removal initiated prior to formal service is premature, appear to have all come out on the side of the defendants, holding that a defendant may remove an action to federal court prior to receiving formal service of the claims. See, e.g., Arthur v. Litton Loan Servicing LP, 249 F. Supp.2d 924 (E.D. Tenn. 2002); Robinson v. Quality Ins. Co., 633 F. Supp. 572 (S.D. Ala. 1986); Miller v. Cottrell, Inc., 2006 WL 1313367 (W.D. Mo. 2006).

The Official Commentary of 28 U.S.C. § 1446 also supports the Defendants' position.

> Will technically defective but practically effective notice start the 30 days? There is conflict on the point. . . . [Citations omitted]. Removal within the 30 days following whatever papers the defendant first receives in the case is the best bet. It will support the removal (assuming, of course, that the case is otherwise removable) whatever may be the view of the district court about the kind of service it takes to start the removal period. If there's a defect of service in the case under state law, the defendant may raise that issue before the federal court after removal (and seek dismissal based on it). If the defendant instead decides to raise the jurisdictional point (service being upheld), the defendant is likely to find that the time used up in getting the service-of-process objection adjudicated in the state court passed the 30-day removal time, thus forfeiting whatever access the defendant would earlier have had to a federal court.

Further, another section of U.S.C. Chapter 28 dealing with removal clearly anticipates the possibility that a case may be removed to federal court before the defendants are formally served.

That section directs that service perfected after removal shall be governed by federal procedures and not state procedures. See 28 U.S.C. § 1448. Therefore, finding that the defendants position has some clear legal support, whereas the Plaintiff's position is based solely on a single case that does not directly address the issue before this Court, Plaintiff's motion to remand is hereby denied.

## CONCLUSION

For the reasons stated herein, Plaintiff's Motion to Remand to State Court and Request for Attorney's Fees and Costs (ECF # 5) is hereby DENIED. IT IS SO ORDERED.

*[signature]*
DONALD C. NUGENT
United States District Judge

DATED: October 13, 2006